ALBERT G. E. HOLMES AND RUBY L. HOLMES, MINOR HEIRS OF ANNA J. HOLMES, DECEASED, BY LEONIDAS K. HOLMES, GUARDIAN AND NEXT FRIEND, PLAINTIFFS AND APPELLANTS, V. F. A. W. SHIMER, GEORGE WALKER, ANDREW J. SAWYER, AND WINONA S. SAWYER, DEFENDANTS AND APPELLEES.

Fraud: TRIAL: CONFLICTING TESTIMONY. Plaintiff alleged in his petition that he had employed defendant S. as agent to purchase certain real estate, for a given price; that under such employment S. purchased the property for a less price than he was directed to give, and caused the title to be conveyed to a third party, who was an intimate friend; that soon thereafter the holder of the legal title conveyed it to S., who, for the purpose of deceiving plaintiff, withheld his deed from record and suppressed the fact of the purchase from plaintiff. The allegations of agency and fraudulent intent and action were denied. In an action against S. for a conveyance of title to plaintiff it was held that the controlling question in the case was one of fact: Was S. employed by H. as his agent for the purchase of the property? The finding of the trial court upon this question, upon a sharp conflict of testimony, being in favor of defendants, is decisive of the case.

APPEAL from the district court of Lancaster county. Tried below before POUND, J.

*J. R. Webster* and *L. W. Billingsley,* for appellants.

*Andrew J. Sawyer,* for appellees.

REESE, J.

The substance of the petition in this case is, that Anna. K. Holmes (who was the mother of plaintiffs and the wife of Leonidas K. Holmes, their guardian), now deceased, on the 15th day of August, 1877, leased from defendant. Walker lot 4 in block 89 in the city of Lincoln, for the term of ten years, the contract of lease providing that at the end of the term the permanent improvements and the lot should each be separately appraised, and that Walker should have the option to purchase the improvements at the appraised value if he so desired. In case he declined to so purchase, the lessee should have the right to purchase the lot at its appraised value if she so elected. If neither party purchased, the improvements should be forfeited to Walker. That she took possession of the property and placed a brick dwelling-house thereon of the value of $5,000, and which could not be removed without destroying it. That after the death of Anna J. Holmes, Leonidas K. Holmes sought to purchase the title and reversion of said premises from said Walker, and to that end employed defendant Andrew J. Sawyer as his agent to negotiate and perfect such purchase, at the least price for which it could be purchased, not to exceed $1,400, and directed him to offer no more than $1,000 in the first instance. For these services plaintiffs, by said Leonidas, agreed to pay Sawyer a reasonable compensation, and Sawyer entered upon said employment. That said Sawyer purchased said property of Walker for the sum of $600, but instead of having it conveyed to plaintiffs he caused the deed to be made to defendant Shimer, an intimate friend, and withheld from plaintiffs all knowledge of said purchase. That Shimer, soon after receiving the title to said property, conveyed it to defendant Sawyer, who withheld his deed from record, and thereby secretly held the title. That upon learning the facts, plaintiffs, by their guardian, had demanded a conveyance from

Sawyer, but that he refused to convey, notwithstanding the purchase price had been tendered to him, and the tender kept good. The purpose of the action is to compel a conveyance from Sawyer to plaintiffs.

The defendants Shimer and Sawyer admit the lease and the conveyance to Shimer, and from her to Sawyer, but deny all allegations of the agency of Sawyer or his employment by plaintiffs to make the purchase, as alleged in the petition; but allege that he was the agent of Walker for the collection of rent from plaintiffs and for the sale of the property, and, on repeated occasions, sought to induce plaintiff to purchase the property, but that he declined to do so. The reply is a general denial of the allegations of the answer, except one averment that Leonidas K. Holmes had stated to Sawyer in 1885 that he had concluded to purchase the property. The petition and answer are quite voluminous, and many facts and circumstances are stated at great length and with much particularity, but it is thought that the foregoing contains a fair statement of the vital issues in the case.

The cause was tried to the district court, and the finding being in favor of the defendants, and decree dismissing the bill, plaintiffs appeal.

As we view the case, there is one controlling question presented by the testimony. That is, was Sawyer the agent of the plaintiffs for the purchase of the property in question? If he was, and secretly took a conveyance to himself, it is quite probable that plaintiffs would be entitled to the relief prayed; if not, the decree of the district court is correct. This question of fact was submitted to the trial court upon as sharp a conflict of testimony as could well be presented.

The testimony of Leonidas K. Holmes is direct and positive as to the employment and his consultations with and reliance upon Sawyer as his agent. In some respects he is corroborated, as well by circumstances as by the tes-

14

timony of other witnesses upon collateral facts. Upon the other hand the testimony of Sawyer is as direct and positive that there was no employment, and in this he is corroborated, probably to the same extent as is Holmes. Were the cause before this court in the exercise of an original jurisdiction, grave doubts might arise as to what would be the proper conclusion. But such doubts are dispelled by the reflection that the jurisdiction is appellate, and that the decision of the trial court is entitled to consideration, the witnesses having been before it and subjected to examination in its presence. No good could result from a review of the testimony of each witness, for the conclusion must of necessity be the same. It must be sufficient to say that we have carefully examined the testimony and find sufficient to sustain the decree.

It follows that the decree of the district court must be affirmed.

DECREE AFFIRMED.

THE other judges concur.